**UNITED STATES of America,
Appellant,**

v.

**Barry TRUPIN, Defendant–Appellee.**

**No. 05–2934–cr.**

United States Court of Appeals,
Second Circuit.

Sept. 10, 2008.

Lynn A. Neils, Assistant United States Attorney (Stephen J. Ritchin and Celeste L. Koeleveld, Assistant United States Attorneys, on brief), for Michael J. Garcia, United States Attorney for the Southern District of New York, New York, NY, for Appellant.

Sara V. Spodick, (Jeffrey A. Meyer and Olivia Burkland, on brief), Quinnipiac University School of Law Legal Clinic, Hamden, CT, for Defendant–Appellee.

PRESENT: Hon. RICHARD C. WESLEY, Hon. PETER W. HALL, Circuit Judges and Hon. BARBARA S. JONES, District Judge.*

**SUMMARY ORDER**

In *United States v. Trupin,* 475 F.3d 71, 76 (2d Cir.2007), *vacated,* —— U.S. ——,

---

* The Honorable Barbara S. Jones, United States District Judge for the Southern District of New York, sitting by designation.

128 S.Ct. 862, 169 L.Ed.2d 711 (2008), we determined that defendant Barry Trupin's sentence was substantively unreasonable. Our prior opinion reviewed the district court's sentence for reasonableness *de novo, id.* at 74 n. 4, and noted that "[w]e have rejected general policy disagreements [with the Sentencing Guidelines] such as these on two occasions," *id.* at 76 (citing *United States v. Castillo,* 460 F.3d 337, 361 (2d Cir.2006), and *United States v. Rattoballi,* 452 F.3d 127, 137 (2d Cir.2006)). On January 7, 2008, the Supreme Court vacated our judgment in *Trupin* and remanded the case to this Court for further consideration in light of *Gall v. United States,* 552 U.S. ——, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007).

In *Gall,* the Supreme Court held that appellate review of a district court's sentencing should be performed pursuant to an "abuse-of-discretion" standard of review. *Id.* at 597. In the case of a sentence varying from the applicable Guidelines range, "due deference" must be given to the district court's decision. *See id.* at 597, 602. In the accompanying case of *Kimbrough v. United States,* 552 U.S. ——, 128 S.Ct. 558, 169 L.Ed.2d 481 (2007), the Supreme Court clarified that "as a general matter, courts may vary [from Guidelines ranges] based solely on policy considerations, including disagreements with the Guidelines," *id.* at 570 (internal quotation marks omitted), expressly abrogating this Court's prior decision in *Castillo, id.* at 566 n. 4 (citing *Castillo,* 460 F.3d at 361). Although these rulings clarified the discretion afforded sentencing courts, sentences must still be reviewed for substantive reasonableness. *See United States v. Cutler,* 520 F.3d 136, 157 (2d Cir.2008). In applying the abuse-of-discretion standard to substantive reasonableness, we consider the totality of circumstance in reviewing "whether the sentencing court erred in interpreting any of the § 3553(a) factors or made any other error of law, whether it made any clear error in assessing the evidence, and whether its decision was beyond the outer limits of the range of decisions permitted by § 3553(a)." *Id.* at 158.

In light of the intervening cases, we vacate the current sentence and remand to the district court for further proceedings consistent with *Gall, Kimbrough,* and *Cutler.* On remand, the district court may request new submissions from the parties regarding Trupin's current situation and may consider the additional details which have been presented to this Court. If, for any reason, either party chooses to seek a review of the sentence on remand, jurisdiction will be returned to this Court without a new notice of appeal when a copy of the sentence on remand is furnished to the clerk of this Court. This panel will retain jurisdiction of that appeal. *See United States v. Jacobson,* 691 F.2d 110, 116 (2d Cir.1982).

For the foregoing reasons, the sentence of the District Court is **VACATED** and **REMANDED.**